# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Sean Joseph Peterson** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR01919-001JB** |
| | USM Number: **12047-033** |
| | Defense Attorney: **Billy Blackburn, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2 of Indictment**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(B) | 04/26/2010 | 1 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Possession With Intent to Distribute 100 Kilograms and More of Marijuana | 04/26/2010 | 2 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 26, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 19, 2012**
Date Signed

Defendant: **Sean Joseph Peterson**
Case Number: **1:10CR01919-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **110 months**.

**A term of 110 months is imposed as to each of Counts 1 and 2; said terms shall run concurrently for a total term of 110 months.**

**S. Peterson entered into a Plea Agreement on October 19, 2011. See Doc. 123. S. Peterson pled guilty to the charged violations of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), possession with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana, and 21 U.S.C. § 846, Conspiracy. See Plea Agreement ¶ 3, at 2. S. Peterson stipulated that he conspired with Nolf to knowingly possess and distribute 198.2 kilograms of marijuana. See Plea Agreement ¶ 7, at 3. The parties agree that S. Peterson`s base offense level under the sentencing guidelines is 26, pursuant to U.S.S.G. § 2D1.1(c)(7), as the amount of marijuana attributable to S. Peterson is at least 100 kilograms, but less than 400 kilograms. See Plea Agreement ¶ 9(a), at 4. The parties also agree to S. Peterson receiving a 3-level reduction from his base offense level, pursuant to U.S.S.G. § 3E1.1, for having demonstrated a recognition and affirmative acceptance of personal responsibility for his conduct. See Plea Agreement ¶ 9(b), at 4. S. Peterson also stipulated to his commission of two previous felony offenses: (i) complicity to traffic more than five pounds of marijuana, of which he was convicted by a Kentucky state court in February, 2006; and (ii) cultivation of five or more plants of marijuana, for which he was convicted by a Kentucky state court in February, 2006. See Plea Agreement ¶ 11, at 7. The parties did not stipulate to a role adjustment. See Plea Agreement at 1-10. S. Peterson waived his right to appeal his conviction, and any sentence within or below the applicable advisory guidelines range as determined by the Court. S. Peterson "specifically agrees not to appeal the Court`s resolution of any contested sentencing factor in determining the advisory sentencing guideline range." Plea Agreement ¶ 13, at 7. In exchange for S. Peterson`s stipulations, the United States agreed to not bring additional criminal charges against him based on the facts underlying the Indictment, and to not file an enhancement pursuant to 18 U.S.C. § 851 for either conviction, even though S. Peterson admits that his convictions are subject to the § 851 enhancement. See Plea Agreement ¶ 14, at 8.**

**The United States Probation Office disclosed a Presentence Investigative Report ("PSR") for Peterson on August 29, 2011. The USPO determined that S. Peterson`s base offense level is 26, pursuant to U.S.S.G. § 2D1.1(c)(7), as at least 100 kilograms but less than 400 kilograms of marijuana is attributable to him for his violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). See PSR ¶ 26, at 7. Pursuant to U.S.S.G. § 3B1.3, S. Peterson receives a 2-level upward adjustment for using the "special skill" of aircraft piloting in the commission of the offense, making his adjusted offense level 28. PSR ¶¶ 31-32, at 8-9. S. Peterson also receives the career offender enhancement, pursuant to U.S.S.G. § 4B1.1, because he was at least eighteen years old at the time of this felony offense, and he has two previous qualifying felony convictions on his record, making his offense level 34. See PSR ¶ 33, at 9. S. Peterson receives, pursuant to U.S.S.G. §3E1.1, a 3-level reduction for having accepted responsibility. See PSR ¶ 34, at 9. The USPO thus calculates S. Peterson`s total offense level at 31. See PSR ¶ 35, at 10.**

**S. Peterson receives 1 criminal history point for each of his three adult criminal convictions, giving him a criminal history category of II. Because S. Peterson`s convictions qualify him for the career offender status, under U.S.S.G. § 4B1.1, his criminal history category is VI. See PSR ¶ 40, at 13. An offense level of 31 and a criminal history category of VI give S. Peterson a guidelines sentencing range of 188-235 months.**

**The Court accepts the Plea Agreement. The Court carefully considered the PSR and the Court adopts the PSR, with the changes discussed at the hearing, as its own. The Court also considered the Sentencing Guidelines in sentencing S. Peterson. The Court considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the finding that S. Peterson is a career offender. With an offense level of 31 and criminal history category is VI, S. Peterson`s guidelines imprisonment range is 188 to 235 months, for the offense of possession with intent to distribute 193.2 kilograms of marijuana. S. Peterson requests the Court to adopt a range of 57 to 71 months for his sentence.**

**The Court considered the guidelines in arriving at the sentence, but also took into account other sentencing goals. The Court specifically considered the guidelines sentencing range, established by the applicable category of offense committed by the applicable category of defendant. After careful consideration of the arguments of counsel, both in their briefs and at the sentencing hearing, the Court concludes that the punishment set forth in the guidelines is not appropriate for S. Peterson`s offense. The Court also considered the kinds of sentences and ranges established by the guidelines, and determines that a variance is appropriate in this case.**

Three factors support the Court`s variance here. First of all, the Court finds that the career offender enhancement substantially overstates S. Peterson`s criminal history. S. Peterson`s criminal history does not contain violent crimes, but only marijuana cultivation and trafficking offenses, consistent with S. Peterson`s current offense. While the Court believes that S. Peterson is more than a courier, he is similar to a courier, and a courier who brings drugs in from Mexico would receive a sentence of likely a year and day; S. Peterson is facing, at the low end of the guidelines, 188 months. The Court believes this sentence overstates S. Peterson`s criminal history.

Second, the Court also believes that the career offender enhancement overstates and over-represents his likely future criminal activity. Although S. Peterson was not offered a diversion program, his previous sentences were probated, and he has never served any time in prison, much less federal prison, for any of his activity. Nor has S. Peterson had any probation violations. These factors encourage the Court that, with the time that he has already served, which is considerable, and the additional time that he will serve as part of this sentence today, a sentence with a variance will be a serious wake up call for him to get out of the drug trafficking business.

Third, the Court believes that S. Peterson`s background counsels in favor of a variance. S. Peterson`s military service, to a smaller extent, shows that he is likely to be rehabilitated. S. Peterson`s difficult family up-bringing and his rough life, including the injuries he sustained before enlisting, demonstrate a lack of youthful guidance. S. Peterson has done relatively well and developed some good character, despite the difficulties he experienced as a child, and could have continued to do well had he been able to remain in the military. These factors show that S. Peterson will be able to be rehabilitated, so that incarceration need not be emphasized in his sentence.

The Court has carefully considered S. Peterson`s suggestion that he receive a sentence close to the mandatory minimum, between 63 to 78 months. S. Peterson`s guidelines sentence is substantially above the mandatory minimum given the circumstances of this case and S. Peterson`s prior criminal history. S. Peterson could have received an enhancement under 18 U.S.C. § 851, which would make his sentence closer to 360 months to life.

The Court must fashion a sentence that reflects Congress` desire to impose career offender enhancements for people who fall into that defined category, and there is no doubt that S. Peterson falls into that category. While under certain circumstances and with a certain criminal history a defendant may argue that receiving a diversion would change that defendant`s guidelines sentence, S. Peterson squarely fits into the career offender enhancement. The Court`s role is not to cut S. Peterson`s sentence as much as he requests, given that society in general thinks that career offenders should have their sentences enhanced. Nor do the circumstances of S. Peterson`s case warrant cutting his sentence as much as he requests.

The Court, thus, believes that an offense level of 25 and a criminal history category of II is too much of a variance for S. Peterson. The Court does not, on the other hand, believe that there is any reason to impose a sentence beyond the guidelines sentence of 188 months, and the Court will, thus, use that sentence as a baseline. S. Peterson suggested that his base offense level could be 25, and his criminal history category could remain at VI, which would give him a guidelines range of 110 to 137 months. On the other hand, a criminal history category of II without the career offender enhancement, and an offense level of 31, would put his sentence in the range of 121 to 151 months. The Court believes that a range between 110 to 121 months, which would reflect the career offender provision without increasing both S. Peterson`s offense level and criminal history category, is a useful range.

While a downward departure is not warranted, the Court believes that a variance is appropriate. Were S. Peterson`s base offense level 31, and his criminal history category II, his guidelines range would be 121 to 151 months. Also, if S. Peterson`s base offense level were 28 and his criminal history category II, his guidelines range would be 87 to 108 months. All of these different possibilities, thus, provide for a sentence between 108 to 120 months.

The Court will use a base offense level of 28, and criminal history category of IV, so as to both reflect Congress` desire that there be a career offender enhancement and that the enhancement in this case overstates S. Peterson`s criminal history. The Court will sentence S. Peterson, at the low range of the guidelines, to 110 months. The Court believes that this sentence reflects the seriousness of S. Peterson`s offense, and promotes adequate respect for the law. Such a sentence is a more just punishment than that which the career offender enhancement provides. Given that S. Peterson has served no previous prison time, the Court believes that this sentence will afford adequate deterrence on both the specific and general level. Further, S. Peterson has no criminal history of violence, but only drug trafficking, and thus this sentence will protect the public.

The career offender enhancement would nearly triple S. Peterson`s sentence. A variance will avoid disparity amongst defendants with similar records who have been found guilty of similar conduct. It is unusual for the career offender enhancement to cause a defendant`s criminal history category to increase from II to VI. The Court believes that the increase that the guidelines provide in this case is an unwarranted sentencing disparity within similarly situated defendants who have been found guilty of similar

offenses and have similar criminal histories. Further, because of some conditions the Court will impose on supervised release, S. Peterson will be provided with some needed education, training, and care, so that he may avoid his problems with drugs. S. Peterson has responded well to post-offense rehabilitation, which is a good sign. While S. Peterson`s good record of rehabilitation is not a factor that counsels alone for a variance, his successful rehabilitative efforts, as well as his military service and juvenile history free of altercations with the law, despite a rough upbringing, evince some good personal characteristics. S. Peterson`s rehabilitative efforts suggest that he will perform well on supervised release.

The Court thus finds that each of the factors set forth in 18 U.S.C. § 3553(a) support the Court`s sentence. The Court`s task is not to come up with a reasonable sentence, but rather to come up with a sentence that accurately reflects the factors set forth in 18 U.S.C. § 3553(a). See United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)). A sentence of 110 months is not only a reasonable sentence and a more reasonable sentence than the guidelines sentence, but it also reflects the factors set forth in 18 U.S.C. § 3553(a). While the Court believes that it should not undercut the entire career offender enhancement, the Court concludes that it should mitigate somewhat its full impact. This sentence is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).

As to Count 1 and Count 2 of the Indictment, S. Peterson is committed to the custody of the Bureau of Prisons for a term of 110 months. These terms will run concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends the Lexington Federal Medical Center, Lexington, KY, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Sean Joseph Peterson**
Case Number: **1:10CR01919-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

**A term of 5 years is imposed as to each of Counts 1 and 2; said terms shall run concurrently for a total of 5 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- [x] The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- [ ] The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245B (Rev. 12/10) Sheet 3 — Judgment - Page 6 of 7

Defendant: **Sean Joseph Peterson**
Case Number: **1:10CR01919-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal controlled substances, firearms, weapons, and any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant shall have no contact with the co-defendant in this case.**

Defendant: **Sean Joseph Peterson**
Case Number: **1:10CR01919-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.